```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Michael Kane

    v.                                      Civil No. 16-cv-123-LM
                                                  Opinion 2016 DNH 129

Town of New Ipswich, et al.


## **O R D E R**

Michael Kane, proceeding pro se, filed a complaint listing the Town of New Ipswich, New Hampshire, and present and former town officials. Kane challenges defendants' efforts to collect property taxes from him, asserting that his property is a "household utensil" that is exempt from property tax pursuant to RSA 80:9. Defendants move to dismiss on the ground that the complaint is barred by the Tax Injunction Act.[1] Kane objects to the motion to dismiss.

## **Standard of Review**

Defendants move to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). For purposes of this motion, where extrinsic evidence is not an issue, the standard of review under both rules is the same. Cf. U.S. ex rel.

---

[1] Defendants also move under Local Rule 67.1(a) to require Kane to pay a bond to secure their costs in defending this suit. Kane also objects to that motion.

Winkelman v. CVS Caremark Corp., --- F.3d ---, 2016 WL 3568145, at *5 (1st Cir. June 30, 2016).

In considering motions under Rules 12(b)(1) and 12(b)(6), the court accepts as true the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015); New England Patriots Fans v. Nat'l Football League, 2016 WL 3248207, at *2 (D. Mass. June 10, 2016). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts as pleaded, taken in the context of the complaint and in light of "judicial experience and common sense," allow the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

## Background

The background information provided here is summarized from Kane's complaint. As such, the summary of Kane's allegations is provided for purposes of the present order only and does not include factual findings or rulings.

In identifying the parties in the case, Kane states that he is "a flesh-and-blood man created by God and endowed with unalienable rights." Complaint, doc. 1, ¶ 35. He alleges that the individual defendants are or have been town officials in various capacities.

The circumstances that lead to the complaint began twenty years ago. Kane alleges that he and his wife bought property with a mobile home in New Ipswich in 1995. He began building a house on the property in 1999. On May 10, 2000, defendants George H. Lawrence and Joanne Meshna, on behalf of New Ipswich, sent Kane a letter notifying him that he was required to have a building permit. Kane challenged that requirement.

Beginning in 1996, Kane asked defendant George K. Slyman, the New Ipswich tax collector, for proof of his authority to collect taxes from Kane, but received no response. When defendant Amy Thibault was elected to serve as tax collector in 2005, Kane questioned her authority to collect taxes from him but received no response. Kane also requested past tax records from Thibault, but then was able to compile his own tax records from his retained receipts.

On April 9, 2012, Kane sent a notarized letter by certified mail to defendant Cynthia Lussier, as an agent of New Ipswich, to notify New Ipswich "and its agents and principal" that Kane believed the town's tax collection process violated his

3

constitutional rights.  He asked the town to provide proof of their authority to collect taxes and to return the taxes he had paid with interest.  Lussier responded two days later to his request, explaining that his request was unclear and that he would have to be more specific about what documents he was seeking.  She also cited RSA chapters 76 and 80 as law that governed tax collection.

Kane then sent additional correspondence to the town.  Defendant Jonathan Sistare responded, but Kane was not satisfied with the response.  Kane continued to challenge the town's authority to collect taxes from him.  He faults defendants George H. Lawrence, James Coffey, Jeanne Cunningham, and Slyman for not using their authority to aid him by abating his taxes.  Kane states that he was coerced to pay taxes assessed under threat of property seizure and that he suffered anxiety and emotional distress as a result.

Kane continued to challenge the town's tax collection process through correspondence and to pay his taxes only because of tax liens and the possibility of tax deeds.  On May 28, 2013, Kane went to the town office to obtain a list of all registered voters in New Ipswich and to get the mailing addresses of the voters.  Lussier told Kane that he had to make that request in writing to the Supervisor of the Checklist.  When he talked to the Supervisor of the Checklist in person, she confirmed that

4

the request must be made in writing and that there was a $25 fee for the list. Kane also asked Meshna for all property owners and assessed properties in New Ipswich and was told that the request had to be in writing and a fee would be required.

In July of 2015, Kane sent the town a letter in which he claimed a tax exemption under RSA 80:9, describing his property as a "household utensil." In response, defendant Jessica Olson sent Kane a notice of impending tax deed by certified mail. Kane sent Olson a letter to inform her that she was violating his constitutional rights.

Kane did not receive a response to his assertion that he had a constitutional right not to pay property taxes. Kane alleges in the complaint that on August 21, 2015, "at approximately 3:30 PM, [he] appeared at the Town Office" because he had not received a response to his letter. Complaint, doc. 1, ¶ 113. His property was scheduled to be seized the next day because of the property tax owed unless he paid the amount due. Kane showed Olson the cash he brought with him and told her he was there to pay the "extortion fee, under duress, to prevent taking of my private property by statutory tax deeding the next day." Id. ¶ 114. He also asked Olson why she had disregarded his letters.

Olson called the police and reported that Kane was unruly. Olson also explained to Kane that if he did not pay the amount

owed, his property would be subject to a tax deed to the town the next day.  Kane paid the amount required.

As he turned to leave the building, he saw that there were two New Ipswich police officers behind him.  Kane spoke to the officers outside.  The police report of the incident said that Kane was upset about having to pay taxes but was calm and the situation was cleared without incident.

On October 21, 2015, Kane received a letter from Coffey and Cunningham explaining that the town did not consider his property that he used as his residence to be a "utensil" under RSA 80:9.  The letter also notified Kane that he could file for an abatement and could appeal an abatement decision in state court and could raise an issue about returning past tax payments in state court.  The letter further explained that town tax authority was based on the New Hampshire Constitution and New Hampshire laws.

The complaint is forty-one pages long without any identifiable separate claims and appends sixty-five exhibits. In the section titled "Jurisdiction and Venue," Kane states that the action "arises under" 42 U.S.C. §§ 1983, 1985, 1986, and "[t]he common law torts of fraud; intentional infliction of emotional distress; theft; conversion of property; extortion; trespass; harassment; threatening; witness tampering; witness intimidation; and attempt to commit the same."  Complaint, doc.

1, ¶ 17.  As relief, Kane "require[s]" that defendants "suffer civil death;" "forfeit any and all Town and/or Military pensions, severance pay, compensation, bonds, and life insurance proceeds to [Kane]"; be removed from office and be barred from holding office; and each pay Kane $1 million.  He also demands that Olson be required to pay him $10 million, that the town compensate him $40 million, that defendants Rebecca Doyle, Woody Meiszner, and David Lage each pay $100,000, and that the town return the taxes Kane has paid totaling $124,033.21.

## Discussion

Defendants move to dismiss the complaint on the ground that it is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, because Kane is challenging the validity of New Ipswich's tax assessment against him and seeks damages for the town's and its officials' collection efforts.  Kane objects, arguing that his complaint "arises from defendants' long term willful ignorance and disregard" of his constitutional rights.  He contends that his complaint alleges the defendants contributed to and conspired "to disregard, ignore and thwart my enjoyment of my constitutional rights, which is a cause of action."

The TIA "provides that federal district courts 'shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient

7

remedy may be had in the courts of such State.'" Direct Mktg. Ass'n v. Brohl, 135 S. Ct. 1124, 1129 (2015) (quoting § 1341). For that reason, federal courts lack jurisdiction to entertain suits that implicate the bar imposed by the TIA, Pleasures of San Patricio, Inc. v. Mendez-Torres, 596 F.3d 1, 5 (1st Cir. 2010), including claims that seek reimbursement or refund of taxes paid, Pegross v. Oakland County Treasurer, 592 F. App'x 380, 386-87 (6th Cir. 2014); Wright v. Pappas, 256 F.3d 635, 637 (7th Cir. 2001); Tonya Washington v. Franchise Tax Board, 2016 WL 3267717, at *6 (C.D. Cal. May 5, 2016); Black v. Lefebvre, 2006 WL 1582395, at *2 (D.R.I. June 6 2006). Therefore, this court lacks jurisdiction over claims barred by the TIA "[b]ecause New Hampshire provides plain, speedy, and efficient remedies for violations of federal rights arising from the levying and collection of state taxes." Nemetz v. Town of Sanbornton, 2013 WL 1049852, at *1 (D.N.H. Mar. 14, 2013) (internal quotation marks omitted).

In support of his complaint, Kane contends that his claims are not barred by the TIA because his property is exempt from taxation under RSA 80:9. He also asserts that the defendants have violated his constitutional rights by demanding taxes from him and contends that his complaint alleges claims under the Civil Rights Act, 42 U.S.C. § 1983. For relief, he seeks an order to require the town to reimburse him for all taxes he has

paid and seeks damages from the individual defendants for their roles in collecting taxes from him.

Kane plainly challenges the validity of the taxes assessed against him by New Ipswich and seeks relief on the grounds that New Ipswich and its officials collected taxes in violation of his rights.[2] Kane's allegations of violations of his constitutional rights do not save his complaint from the bar of § 1341.[3] See Tomaiolo v. Mallinoff, 281 F.3d 1, 6-7 (1st Cir. 2002); see also Terry v. Crawford, 2014 WL 11279818, at *2 (N.D. Ala. Dec. 18, 2014). Therefore, this court lacks jurisdiction to consider the federal claims raised in Kane's complaint. In the absence of federal claims, the court declines to exercise supplemental jurisdiction over any state law claims Kane may have intended to bring. 28 U.S.C. § 1367(c)(3).

---

[2] To the extent Kane intended to allege a claim against Olson based on the incident when the police were called to the town office when Kane appeared there to address the issue of his taxes, he has not alleged facts that could support a plausible claim. In addition, Kane's reference to a claim of involuntary servitude in his objection to the motion to dismiss does not effectively amend his complaint or provide facts to support such a claim.

[3] In addition, "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 115 (1981).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (document no. 34) is granted without prejudice to plaintiff's opportunity, as provided below, to file an amended complaint.

Defendants' motion for security (document no. 36) is terminated as moot, without prejudice to filing a similar motion in the event an amended complaint is filed.

Plaintiff is given leave to file an amended complaint to state claims arising out of the events alleged in this case that do not challenge the validity of the New Ipswich tax assessment and collection process, if any such claims exist. Each claim must be stated separately with an appropriate title stating the claim. An amended complaint must be filed no later than **August 29, 2016,** failing which judgment will be entered and the case will be closed.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 4, 2016

cc: Michael Kane, pro se
    Michael P. Courtney, Esq.
    Russell F. Hilliard, Esq.