UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Michael Kane</u>

    v.                                              Civil No. 16-cv-123-LM
                                                      Opinion No. 2017 DNH 001

<u>Town of New Ipswich, et al.</u>

O R D E R

Michael Kane, proceeding pro se, brought suit against the Town of New Ipswich, New Hampshire, and present and former town officials. In his original complaint (doc. no. 1), Kane challenged defendants' efforts to collect property taxes from him, asserting that his property is a "household utensil" that is exempt from property tax pursuant to RSA 80:9. The court granted defendants' motion to dismiss Kane's original complaint due to the jurisdictional bar of the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. The court, however, allowed Kane an opportunity to file an amended complaint "to state claims arising out of the events alleged in this case that do not challenge the validity of the New Ipswich tax assessment and collection process, if any such claims exist." Doc. no. 50 at 10.

Kane filed an amended complaint (doc. no. 51). Defendants move to dismiss (doc. no. 54).

**Standard of Review**

As with their motion to dismiss the original complaint, defendants move to dismiss the amended complaint both for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). For purposes of this motion, where extrinsic evidence is not an issue, the standard of review under both rules is the same. Cf. U.S. ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 207 (1st Cir. 2016).

As stated in the court's prior order, when considering motions under Rules 12(b)(1) and 12(b)(6), the court accepts as true the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015); New England Patriots Fans v. Nat'l Football League, No. 16-10659-FDS, 2016 WL 3248207, at *2 (D. Mass. June 10, 2016). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the facts as pleaded, taken in the context of the complaint and in light of "judicial

experience and common sense," allow the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

## Background

In the amended complaint, which is 57 pages long, Kane provides a section of factual allegations, followed by 15 counts.  Kane alleges that he has challenged town officials' authority to collect property taxes from him for many years and has notified town officials that their tax collection activities violate his rights under the federal constitution.  He believes that his tax collection protests have made defendants dislike him which has, in turn, caused him distress.

In general, Kane's claims arise from his dissatisfaction with defendants' responses to his tax collection protests, which he claims have been cruel, dismissive, and insufficient. Specifically, Kane alleges that each challenge to defendants' authority to collect his taxes "was either ignored and not responded to at all, or responded to with vexatious and insulting replies implying nonsense such as the 'Right to Know' law . . . or with feigning of ignorance or stupidity as to comprehending what I was asking."  Doc. no. 51 at ¶ 36.  Kane

also alleges a claim against a particular official, Jessica Olson, arising out of his interaction with her when he paid a tax bill. Id. at ¶¶ 119-143.

Kane brings claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, primarily alleging that defendants violated his First and Fourteenth Amendment rights in the way they handled his tax protests. He also alleges violations of his Eighth and Thirteenth Amendment rights. Kane asks that the individual defendants be removed from office, seeks a million dollars in damages from each of the individual defendants, seeks an additional 10 million dollars from Olson, and seeks 40 million dollars from the town. He also asks that the court order criminal charges to be brought against the individual defendants for violating his rights.

## Discussion

As explained in the court's order granting defendants' motion to dismiss the original complaint, see doc. no. 50, Kane was granted leave to file an amended complaint raising claims that do not challenge the validity of the New Ipswich tax assessment and collection process, if any such claims exist. Defendants move to dismiss the amended complaint, arguing that, like Kane's original complaint, the amended complaint again

challenges the town's tax assessment and collection process so that the claims are barred by the TIA and fail to state any constitutional claims.  In response, Kane contends that he carefully complied with the court's requirement that his new claims not challenge the validity of the town's tax assessment and collection process.

Kane does not appear to directly challenge the town's tax assessment and collection process in his amended complaint.  He does, however, seek the immediate removal of the individual defendants from public office and requests that criminal charges be brought against the individual defendants.  See doc. no. 51 at ¶ 1.  In that way, Kane seeks to interfere with the town's ability to collect taxes, which necessarily deprives this court of jurisdiction over Kane's claims under the TIA.  See, e.g., Burns v. Conley, 526 F. Supp. 2d 235, 240 (D.R.I. 2007) (noting that the Supreme Court's holding in Hibbs v. Winn, 542 U.S. 88 (2004), made clear that the TIA reaches cases "where the taxpayer intends to frustrate the collection of state tax revenue").

Further, as explained by defendants, Kane has not identified any constitutional duty on the part of the town and its officials to respond to his protest letters in a certain manner.  While Kane clearly alleges that the town's responses

and lack of responses to his letters and protests hurt his feelings and made him angry, he has not alleged a constitutional violation.[1] Therefore, to the extent his claims are not barred by the TIA, Kane fails to state a cognizable claim under sections 1983, 1985, or 1986.

One of the counts in the amended complaint arises out of an interaction other than Kane's protests over the town's authority to collect and assess his taxes. Kane's claim against Olson (Count VII) arises from their interaction in August 2015. Kane had previously sent the town a letter in which he asserted his constitutional right not to pay property taxes because his property was a "household utensil." When the town did not respond to his letter, he went to the town office to discuss his property tax bill.

Based on Kane's description of the events in the amended complaint, he behaved in an unruly and intimidating manner. See doc. no. 51 at ¶¶ 119-143. He alleges that Olson called the town police because of his behavior. Although the police

---

[1] Specifically, Kane alleges that defendants' responses and lack thereof to his challenges to the town's authority to assess and collect his taxes "deprived [him] of intangible property such as [his] thoughts; family relationships, time spent preoccupied with perceived injustice resulting from the defendants' actions and lack of actions; and other intangibles." Doc. no. 51 at ¶ 32.

responded to Olson's call, Kane was unaware of their presence until he concluded his business with Olson. He only spoke to a police officer after he left the town office, and Kane reports that nothing out of the ordinary occurred. As such, the incident with Olson does not support any claim that Olson violated Kane's constitutional rights.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss (doc. no. 54) is granted. Plaintiff's claims alleged in the amended complaint, which superseded the original complaint, are dismissed with prejudice.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 5, 2017

cc: Michael P. Courtney, Esq.
    Russell F. Hilliard, Esq.
    Michael Kane, pro se